IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT ELWOOD GILLILAND, III,  :
                                :
                                :
                                :
                                :
            Plaintiff,          :
                                :
     vs.                        :   CIVIL ACTION NO.  09-01621
                                :
CHAD HURLEY AND STEVE CHEN      :
                                :
                                :
            Defendants.         :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I.     INTRODUCTION

          This case involves the fantastic claims of a *pro se* Plaintiff that "he came up with

the idea, concept and name" for the video sharing website YouTube in 1997, and in a single

phone call in 2004, conveyed this idea to the Defendants, complete strangers, in exchange for an

alleged oral promise to receive one percent of the proceeds of any future sale of the YouTube

business.  The improbable nature of the Plaintiff's claims aside, the Complaint must be dismissed

with prejudice for lack of personal jurisdiction, for improper venue, and because, by the

Plaintiff's own allegations, his claims are time-barred by the applicable statute of limitations.

II.    PROCEDURAL BACKGROUND AND ALLEGATIONS OF PLAINTIFF'S
       COMPLAINT

          On November 13, 2009, Plaintiff Herbert Elwood Gilliland, III commenced this

action by filing a Complaint against the Defendants in the Court of Common Pleas of Allegheny

County, Pennsylvania, Civil Action No. GD 09-021018.  The Defendants are citizens of the State

of California.   *See* Compl., ¶¶ 2-3; *see* also Declaration of Chad Hurley (the "Hurley

Declaration") (attached hereto as Exhibit A), ¶ 1; Declaration of Steve Chen (the "Chen

Declaration") (attached hereto as Exhibit B), ¶ 1. Defendant Hurley resides in San Mateo County, California and Defendant Chen resides in San Francisco County, California. *See* Hurley Declaration, ¶ 1; Chen Declaration, ¶ 1. The Complaint was served on the Defendants via certified mail at their company's business offices in San Bruno, California. *See* Hurley Declaration, ¶ 2; Chen Declaration, ¶ 2. On December 9, 2009, the Defendants timely and properly removed this action to this Court. *See generally* Docket No. 1.

The Complaint alleges that the Plaintiff "came up with the idea, concept and name for 'YouTube'" in 1997. Compl., ¶ 2. The Complaint further alleges that in November 2004, the Plaintiff called the Defendants at their offices located in California at a company called PayPal, where, according to the Complaint, the Defendants were then employed.[1] *Id.* at ¶¶ 4-5, 9. The Plaintiff claims that he "introduced himself and then explained . . . his YouTube business idea." *Id.* at ¶ 5. The Plaintiff also alleges that during this phone call, which he placed to the Defendants, Defendant Hurley expressed interest in the YouTube concept and allegedly agreed that he and Defendant Steve Chen "would take the business idea and trade name, and pursue the business themselves with the express understanding that if they formed a company and were later able to sell it, they would share with the Plaintiff one percent (1%) of the proceeds received by the founders (Hurley and Chen)." *Id.* at ¶¶ 4-5, 9. The Plaintiff further contends that "[s]everal months later, in or about February 2005 … [Defendants] called Plaintiff in Pennsylvania to ask Plaintiff more questions about his idea …." *Id.* at ¶ 9.

---

[1] The Complaint is self-contradictory, or at least ambiguous, as to whether the alleged phone call initiated by the Plaintiff involved both Defendants or only Defendant Hurley. In paragraph 4 of the Complaint, the Plaintiff alleges that the purported phone call was "between Defendants in California and Plaintiff in Pennsylvania." Compl., ¶ 4. In paragraph 5 of the Complaint, the Plaintiff alleges only that he called Defendant Hurley at his office at PayPal. *Id.* at ¶ 5. In paragraph 9, however, the Plaintiff alleges that call was "initiated by Plaintiff . . . to Hurley and Chen." *Id*. at ¶ 9.

According to the Complaint, the Defendants subsequently registered the YouTube domain, formed YouTube, Inc., and in November 2006, sold the YouTube company to Google, Inc. ("Google").  Compl., ¶ 5.  The Plaintiff alleges that "[d]espite the oral agreement between Plaintiff and Defendants, Defendants refused to pay Plaintiff his one-percent share of the proceeds."  *Id.*  The Plaintiff further alleges that he "was entitled to his one-percent share of the sale proceeds received by YouTube's founders (Hurley and Chen) once the transaction was closed in November of 2006."  *Id.*

On the basis of these allegations alone, the Plaintiff purports to assert two claims, one for breach of contract and one for fraudulent misrepresentation.  With respect to the breach of contract claim, the Plaintiff alleges that Defendants "sold YouTube to Google Inc. in November 2006 . . . thus triggering their obligation to share one percent of the proceeds with Plaintiff." Compl., ¶ 9.  The Plaintiff further alleges that "Defendants failed and refused to pay Plaintiff the stock and/or money owed to Plaintiff" and that "[t]his breach occurred in November 2006 when the sale of YouTube closed and funded."  *Id.*

On the basis of these same allegations, the Plaintiff purports to assert a claim for fraudulent misrepresentation, alleging that "Defendants' conduct after the YouTube sale was closed indicates a conscious effort on the part of the Defendants to disavow the oral contract they made with Plaintiff."  Compl., ¶ 10.

III.   ARGUMENT

   A.   The Complaint Must be Dismissed with Prejudice for Lack of Personal
        Jurisdiction

        1.   Standard of Review

        "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that

jurisdiction is proper." *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). District courts sitting in diversity are authorized to exercise personal jurisdiction over defendants to the extent permissible under the law of the forum state. *See* FED. R. CIV. P. 4(e); *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted).

Personal jurisdiction over a non-resident defendant may exist based upon either general or specific contacts with the forum state. General jurisdiction exists when the plaintiff's "claim does not arise out of or is unrelated to the defendant's contacts with the forum," but the defendant has sufficient general contacts with the forum state to justify the exercise of jurisdiction. *See Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984). Specific jurisdiction may be "invoked when the claim is related to or arises out of the defendant's contacts with the forum," *i.e.*, the claim is based on forum related activities. *Id.*

It is apparent from the face of the Complaint, and from the Defendants' attached Declarations, that this Court has neither general nor specific jurisdiction over the Defendants in this case.

2.     This Court Does Not Have General Jurisdiction over the Defendants

A federal court sitting in diversity must apply Pennsylvania law in determining whether personal jurisdiction exists over a defendant. *See Pennzoil Prod. Co.*, 149 F.3d at 200. Under Pennsylvania law, a court may exercise general personal jurisdiction over an individual defendant based on the existence of three circumstances: (1) the individual's "[p]resence in this Commonwealth at the time when process is served"; (2) the individual's "[d]omicile in this Commonwealth at the time when process served"; or (3) the individual's "[c]onsent." *See* 42 Pa. C.S.A. § 5301(a)(1)(i)-(iii); *Fields v. Ramada Inn, Inc.*, 816 F.Supp. 1033, 1038 (E.D. Pa. 1993) (citation omitted). None of these criteria are met in this case.

Defendants Hurley and Chen are citizens of California, who reside in San Mateo County and San Francisco County respectively.   *See* Compl., ¶¶ 2-3; *see also* Hurley Declaration, ¶ 1; Chen Declaration, ¶ 1.  Defendant Chen has never set foot in Pennsylvania, or owned property in Pennsylvania.  Chen Declaration, ¶¶ 3-4.  Defendant Hurley has lived in California for ten years, and does not own property in Pennsylvania.  Hurley Declaration, ¶¶ 4-5. The Complaint does not allege, and it is in fact the case, that neither Defendant was in Pennsylvania at any time remotely relevant to the Plaintiff's allegations.  Both Defendants were served with process in this case via certified mail at their company's offices in San Bruno, Calfornia.  *See* Hurley Declaration, ¶ 2; Chen Declaration, ¶ 2.  Furthermore, the Defendants do not consent to personal jurisdiction before the courts located in the Commonwealth of Pennsylvania.  *See* Hurley Declaration, ¶ 6; Chen Declaration, ¶ 5.

It is abundantly clear that this Court does not have general personal jurisdiction over the Defendants.

3.   This Court Lacks Specific Jurisdiction over the Defendants

The reach of Pennsylvania's long-arm statute is coextensive with the United States Constitution's Due Process Clause.  *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990); *see also* 42 Pa. C.S.A. § 5322(b) (permitting a court to exercise specific personal jurisdiction over a defendant "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States.").   Thus, in evaluating whether specific personal jurisdiction exists, a court must determine "whether, under the Due Process Clause, the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316-17 (3d

Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  This determination is made on a claim-by-claim basis.  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2001).

        a.  This Court Lacks Specific Jurisdiction over the Defendants on Plaintiff's Breach of Contract Claim

In *O'Connor*, the Third Circuit set forth a three part inquiry to determine whether the exercise of specific jurisdiction complies with constitutional due process.  *O'Connor*, 496 F.3d at 317.  First, the defendant "must have 'purposely avail[ed] itself of the privilege of conducting activities in the forum.'" *O'Connor*, 496 F.3d at 317 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  This requires that a defendant purposefully direct his activities at the forum, such that he could be said to have "deliberately target[ed]" the forum.  *O'Connor*, 496 F.3d at 317; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). This requirement cannot be satisfied by the "unilateral activity" of someone other than the defendant. *See O'Conner*, 496 F.3d at 317 (citing *Hanson*, 357 U.S. at 253).

Second, the litigation must "'arise out of or relate to' at least one of th[e] contacts" that the defendant purposefully directed at the forum.  *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  In contract cases, courts in the Third Circuit evaluate the relatedness requirement by inquiring "whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999)); *see also O'Conner*, 496 F.3d at 320-21 (citing *General Elec. Co.*, 270 F.3d at 150 (stating same).

Third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317.

The only allegation by the Plaintiff which arguably supports the assertion of specific jurisdiction is that "the contract at issue in this lawsuit arose during a telephone call between Defendants in California and Plaintiff in Pennsylvania." *See* Compl., ¶ 4.   The Complaint further alleges, however, that *the Plaintiff placed this phone call to the Defendants* in California.   *See* Compl., ¶¶ 5, 9.   This single phone call, initiated by the Plaintiff to the Defendants, cannot support the exercise of personal jurisdiction because as a matter of law, the Plaintiff's "unilateral activity" cannot satisfy the requirement that the Defendant must have purposefully directed their activities to the forum.[2]   *See O'Connor*, 496 F.3d at 317 (citing *Hanson*, 357 U.S. at 253).

Nor can the Defendants' alleged phone call to the Plaintiff – the only other contact alleged in the Complaint – support the exercise of specific jurisdiction.   Paragraph 5 of the Complaint alleges that in or about February 2005, "Hurley and Chen called Plaintiff in Pennsylvania to ask Plaintiff more questions about his idea" and that the Plaintiff offered additional advice and encouragement to the Defendants.   Compl., ¶¶ 5, 9.   It is clear, however, that the Plaintiff's claim does not "arise out of or relate to" this purported February 2005 phone call.[3]   The Plaintiff expressly alleges that the purported oral contract between the parties was formed during the phone call that the *Plaintiff made to the Defendant*s in November 2004.   *Id.*   at ¶¶ 4-5, 9.   The Plaintiff further alleges that the purported oral contract was not breached until

---

[2]   Furthermore, if the allegations of paragraph 5 of the Complaint are to be credited, there is clearly no "purposeful availment" on the part of Defendant Chen, because, by the Plaintiff's own allegation, the purported November 2004 phone call involved only Defendant Hurley.   *See C*ompl., ¶ 5.

[3]   Furthermore, it is doubtful whether this alleged phone call by the Defendants could constitute conduct "deliberately targeted" at Pennsylvania, when as the Plaintiff emphasizes throughout his Complaint, the alleged phone call was placed to the Plaintiff's cell phone.   *See, e.g.*, Compl., ¶ 7.   That the Plaintiff was allegedly in Pennsylvania when he purportedly received a call on his cell phone from the Defendants is merely fortuitous, and thus the alleged phone call should not be considered conduct purposefully directed at the Commonwealth of Pennsylvania.

November 2006, when the Defendants failed to make payment to the Plaintiff upon the sale of YouTube. *Id.* at ¶¶ 5, 10. As the purported February 2005 phone call was not "instrumental in," or even relevant to, "the formation of the contract or its breach," the Plaintiff cannot rely on it to establish specific jurisdiction. *See General Elec. Co.*, 270 F.3d at 150; *see also O'Connor*, 496 F.3d at 320-21 (citation omitted).

In short, the Plaintiff himself initiated the only contact arguably "instrumental" to his claim for breach of oral contract. This unilateral activity by the Plaintiff is insufficient as a matter of law to establish personal jurisdiction over the Defendants. Accordingly, the Court should dismiss with prejudice the Plaintiff's claim for breach of contract. *See, e.g., D'Onofrio v. Il Mattino*, 430 F.Supp.2d 431, 444 (E.D. Pa. 2006) (dismissing claims with prejudice for lack of personal jurisdiction); *Lautman v. Loewen Group, Inc.*, No. 99-75, 2000 WL 772818, at *11 (E.D. Pa. June 15, 2000) (same); *Magla Products, L.L.C. v. Chambers*, No. 06-0115, 2006 WL 2846274, at *6 (D.N.J. Sept. 29, 2006) (same).

      b. This Court Lacks Specific Jurisdiction over the Defendants On Plaintiff's Fraudulent Misrepresentation Claim

In the case of intentional tort claims, courts in the Third Circuit apply a "slightly refined version" of the traditional jurisdiction inquiry, which is referred to as the *Calder* "effects test." *O'Connor*, 496 F.3d at 317 n. 2 (citing *Calder v. Jones*, 465 U.S. 783 (1984)); *see also IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998). Under the *Calder* "effects test," the plaintiff must establish that the defendant "expressly aimed" his conduct at the forum state by demonstrating that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activities indicating that the defendant expressly aimed its tortious conduct at the forum." *Marten*, 499 F.3d at 298-99 (quoting *IMO Indus.*, 155 F.3d at 266). Thus, "[j]urisdiction is proper when the state of the

plaintiff's residence is the 'focus of the activities of the defendant out of which the suit arises." *Id* at 298 (citation omitted).   "If a plaintiff fails to show that the defendant 'manifest[ed] behavior intentionally targeted at and focused on the forum,' the plaintiff fails to establish jurisdiction under the effects test."   *Id.* (internal citations omitted).

There is clearly no personal jurisdiction under the *Calder* "effects test."   The Complaint does not identify any tortious activity "aimed at" or "focused on" the Commonwealth of Pennsylvania.   The Complaint is explicit that the alleged fraudulent misrepresentation was made in a phone call that Plaintiff placed to the Defendants in California.   Compl., ¶¶ 4-5, 9. The Defendants were also located in California when they engaged in the only other acts which might arguably establish the elements of fraudulent misrepresentation.   Defendants were in California when they sold YouTube, one California headquartered company, to Google, another California headquartered company, and when they refused to pay the Plaintiff.   Compl., ¶¶ 5, 9-10.   The Complaint does not allege that anything tortious occurred during the only act even tenuously connected to Pennsylvania – the alleged February 2005 phone call placed by the Defendants to the Plaintiff.

As all of the alleged tortious conduct centers around the state of California, the Plaintiff cannot establish personal jurisdiction under the "effects test."   Accordingly, the Plaintiff's claim for fraudulent misrepresentation, like his claim for breach of contract, should be dismissed with prejudice.   *See, e.g., D'Onofrio*, 430 F.Supp.2d at 444 (E.D. Pa. 2006) (dismissing claims with prejudice for lack of personal jurisdiction); *Lautman*, 2000 WL 772818, at *11 (same); *Magla Products*, 2006 WL 2846274, at *6 (same).

B.      The Complaint Should be Dismissed with Prejudice for Improper Venue

In the event the Court concludes, despite the arguments above, that Defendants are subject to personal jurisdiction in Pennsylvania, the Plaintiff's claim should nonetheless be dismissed for improper venue.

Venue is proper in a diversity case only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated...."  *See* 28 U.S.C. § 1391(a).  Under section 1391(a)(2), "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claims....'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).  Thus, "[t]he inquiry with respect to proper venue … requir[es] a showing that a *substantial part of the events or omissions giving rise to the claim* occurred in the district." *Pullman Fin. Corp. v. Hotaling*, No. 07-1703, 2008 WL 2563372, at *6 (W.D. Pa. June 24, 2008) (emphasis in original).

For the reasons discussed above, venue is improper in the Western District of Pennsylvania.  Defendants Hurley and Chen reside in San Mateo County and San Francisco County respectively, which are encompassed by the Northern District of California.  Moreover, *all* of the alleged events and omissions giving rise to the Plaintiff's claims occurred in California.  The purported oral contract was formed, and the Defendants' allegedly fraudulent misrepresentations were made, when the Plaintiff called the Defendants in California.  *See* Compl., ¶¶ 4-5, 9.  The Defendants were located in California when they sold YouTube, a California headquartered company, to Google, another California headquartered company, and subsequently refused to pay the Plaintiff pursuant to the alleged oral agreement.  *See id.*

-10-

Furthermore, the only alleged event to have occurred in Pennsylvania – the Defendants' purported February 2005 phone call to the Plaintiff – neither "giv[es] rise," nor is relevant to, the Plaintiff's claims for breach of contract or fraudulent misrepresentation.  The Plaintiff alleges that on the purported February 2005 call, Defendants merely "ask[ed] Plaintiff more questions about the YouTube business concept," that the Plaintiff provided additional advice and encouragement, and that the Defendants did not "disavow the agreement reached in November 2004."  Compl., ¶ 9.  He does not allege that any promise was made, re-affirmed, or breached. That alleged call does not support either of the causes of action Plaintiff purports to allege.  *See* Compl., ¶¶ 5, 9-10.

The Plaintiff's Complaint therefore should be dismissed with prejudice for improper venue.

C.     The Complaint Should be Dismissed with Prejudice Because the Plaintiff's Claims for Breach of Contract and Fraudulent Misrepresentation are Time-Barred

The law of the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6)" where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *see also Benard v. Washington County*, 465 F. Supp. 2d 461, 466-67 (W.D. Pa. 2006) (stating same).  A federal court sitting in diversity must apply the forum state's choice-of-law rules regarding statutes of limitations.  *Hoppe v. SmithKline Beecham Corp.*, 437 F. Supp. 2d 331, 335 (E.D. Pa. 2006) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945); *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985)). Pennsylvania's choice of law rules require the application of Pennsylvania's statute of limitations, except when Pennsylvania's "borrowing statute" applies.  *See Powell v. GAF Corp.*,

638 F.Supp. 25, 27 (M.D. Pa. 1986) (citing *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.*, 372 F.2d 18 (3d Cir. 1966)).

Pursuant to this "borrowing statute," Pennsylvania applies its own statute of limitations to causes of action that accrued in a foreign jurisdiction, unless the foreign jurisdiction's statute of limitations is shorter. *See Hoppe*, 437 F. Supp. 2d at 335 (citing 42 Pa. C.S.A. § 5521(b)); *see also* 42 Pa. C.S.A. § 5521(b). For the purpose of this statute, "a cause of action accrues in the state where the final significant event essential to the bringing of a claim occurs." *See Rostron v. Marriott Hotels*, 677 F.Supp. 801, 802 (E.D. Pa. 1987) (citing *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.*, 372 F.2d 18 (3d Cir. 1966), *Hafer v. Firestone Tire & Rubber Co.*, 523 F.Supp. 1216 (E.D. Pa. 1981)).

The "final significant event essential" to the Plaintiff's claims – in fact, every event essential to his claims – occurred in California. The Defendants were located in California when they sold YouTube, a California headquartered company, to Google, another California headquartered company, and subsequently refused to pay the Plaintiff pursuant to the alleged oral agreement. *See* Compl., ¶¶ 2-3, 5, 9. Whether the final significant event essential to the Plaintiff's claims is deemed to be the Defendants' sale of YouTube to Google, which allegedly triggered the Defendants' obligation to pay the Plaintiff under the parties' purported agreement, or the Defendants' refusal to pay the Plaintiff under that purported agreement, the "final significant event" undoubtedly occurred in California. Accordingly, the Plaintiff's claims for breach of contract and fraudulent misrepresentation both accrued in California, and this Court must apply Pennsylvania's borrowing statute.

Pursuant to this borrowing statute, the Court must apply the shorter of Pennsylvania's or California's statute of limitations to both of the Plaintiff's claims. *See Hoppe*,

437 F. Supp. 2d at 335; *see also* 42 Pa. C.S.A. § 5521(b).  Pennsylvania has a four year statute of limitations for breach of oral contract and a two year statute of limitation for fraud.  42 Pa. C.S. §§ 5524(7) & 5525(a)(3).  California has a two year statute of limitations for breach of oral contract and a three year statute of limitations for fraud.  West's Ann. C.C.P. §§ 338(d) & 339(1).  The Court must, therefore, apply California's two year statute of limitations to the Plaintiff's breach of oral contract claim and apply Pennsylvania's two year statute of limitations to his fraudulent misrepresentation claim.

It is clear from the face of the Plaintiff's Complaint that his claim for breach of oral contract was not brought within the applicable two year statute of limitations.  The Plaintiff expressly alleges that the breach of the purported oral contract occurred in November 2006 and that he suffered damage at that time.  *See* Compl, ¶ 9 ("This breach occurred in November 2006 when the sale of YouTube closed and funded, and it was at this point Plaintiff suffered damage…."); *see also* Compl., ¶ 5 ("Despite the oral agreement between Plaintiff and Defendants, Defendants refused to pay Plaintiff his one-percent share of the proceeds…. Plaintiff further was entitled to his one-percent share of the sale proceeds received by YouTube's founders (Hurley and Chen) once the transaction was closed in November of 2006.").  Accordingly, California's statute of limitations for breach of contract had run as of November 2008,[4] and the Plaintiff's claim must be dismissed for failure to state claim upon which relief can be granted.

The Plaintiff's claim for fraudulent misrepresentation is also time-barred.  As noted above, the Plaintiff expressly alleges that the Defendants breached the contract, and that he

---

[4] Under California law, as under Pennsylvania law, "[a] cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running."  *See, e.g., Cochran v. Cochran*, 66 Cal.Rptr.2d 337, 340 (Cal. Ct. App. 1997) (citation omitted).

suffered injury, in November 2006.  *See* Compl., ¶¶ 5, 9.   The Plaintiff's fraudulent misrepresentation claim is based on the Defendants' failure to honor the parties' purported oral contract.  *See* Compl., ¶ 10 ("Defendants' conduct after the YouTube sale was closed indicates a conscious effort on the part of the Defendants to disavow the oral contract they made with Plaintiffs.  This further suggests that Defendants entered into the oral contract with Plaintiff with actual intent not to honor it if the company later sold and money was made.")  Like his breach of contract claim, the Plaintiff's fraudulent misrepresentation claim accrued in November 2006, when he alleges that he suffered his purported injury.  *See, e.g., DiCicco v. Willow Grove Bank*, 308 F. Supp. 2d 528, 534 (E.D. Pa. 2004) (under Pennsylvania law, "a cause of action [for fraudulent misrepresentation] accrues on the date the injury is sustained, or when 'a party has a legal right to institute suit and can maintain a successful action'").  Accordingly, Pennsylvania's two year statute of limitations had run as of November 2008, and the Plaintiff's claim for fraudulent misrepresentation must also be dismissed for failure to state a claim upon which relief can be granted.

Finally, and in the alternative, even if the Court determines that the Plaintiff's claims accrued in Pennsylvania (which they did not), Pennsylvania's two year statute of limitations would still bar the Plaintiff's claim for fraudulent misrepresentation for the reasons described above.

IV.    CONCLUSION

For the foregoing reasons, Defendants Chad Hurley and Steve Chen respectfully request that this Court grant their motion to dismiss this action with prejudice for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

Dated:  December 16, 2009

       */s/ Ralph A. Finizio*
Ralph A. Finizio (PA 39560)
Richard M. Weibley (PA 90958)
PEPPER HAMILTON, LLP
500 Grant Street, 50th Floor
Pittsburgh, PA  15219
Phone: (412) 454-5000
Fax:     (412) 281-0717
Email: finizior@pepperlaw.com
       weibleyr@pepperlaw.com

*Attorneys for Defendants Chad Hurley and*
*Steve Chen*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Memorandum of Law in Support in Defendants Motion to Dismiss via First-Class United States

Mail, postage prepaid, on  December 16, 2009, upon the following::


Herbert Elwood Gilliland, III (*pro se*)
209 Western Avenue # 3
Pittsburgh, PA 15215



     */s/ Ralph A. Finizio*
Ralph A. Finizio