IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT ELWOOD GILLILAND, III, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 09-1621 |
| | ) | |
| CHAD HURLEY and STEVE CHEN, | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

Presently before this Court is Plaintiff's motion for leave to conduct jurisdictional discovery and request for briefing schedule (Docket No. 22). Plaintiff has filed this motion in response to Defendants' motion to dismiss his amended complaint on the grounds of, inter alia, lack of personal jurisdiction. Defendants have opposed the motion and moved for oral argument on Plaintiff's motion (Docket No. 24).

On November 13, 2009, Plaintiff, Herbert Elwood Gilliland, III, initiated this case by filing a pro se complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. On December 9, 2009, Defendants, Chad Hurley and Steve Chen, removed the action to this Court (Docket No. 1). On December 16, 2009, they filed a motion to dismiss (Docket No. 2), along with a brief in support thereof (Docket No. 3).

On January 12, 2010, counsel entered their appearance on Plaintiff's behalf. Because more than 21 days had elapsed since the motion to dismiss was filed, counsel moved for leave to file an amended complaint (Docket No. 15). <u>See</u> Fed.R.Civ.P. 15(a) (as amended effective Dec. 1, 2009). Although Defendants requested leave to respond to Plaintiff's motion to amend, they did not do so. On January 27, 2010, Plaintiff's motion was granted, and the motion to dismiss

was dismissed as moot (Docket No. 17). The amended complaint was filed that same day (Docket No. 18).

The Amended Complaint alleges that, while he was a student at Carnegie Mellon University studying computer science, design and human-computer interaction, Plaintiff came up with the name "YouTube" as well as the concept and software development plan for a video sharing website that he believed would be revolutionary; that he discussed this idea with his professors, including Don Marinelli; that he attempted to find capital to launch the business but was unable to secure needed capital; that he discussed the idea with Chad Hurley during a phone call in or about November 2004, during which Hurley agreed to Plaintiff's request to try to start the YouTube business but that if it were later sold Plaintiff would receive 1% of the proceeds; that Hurley and his partner Steve Chen called Plaintiff in or about February 2005 and asked more questions about YouTube, during which Plaintiff reminded them about the 1% agreement; that in 2005 Defendants registered the YouTube domain name and formed a business that they incorporated; that in November 2006 media reports announced that Google, Inc. was acquiring YouTube in exchange for restricted Google common stock valued at $1.65 billion; and that Plaintiff attempted to call Defendants to find out when he would be receiving his 1% of the proceeds but they did not take or return his calls. The Amended Complaint alleges claims for breach of contract (Counts I and II), an accounting (Count III), a constructive trust (Count IV), breach of implied contract (Count V), unjust enrichment (Count VI), fraud (Count VII), and fraudulent misrepresentation (Count VIII).

On February 4, 2010, Defendants filed a motion to dismiss the amended complaint (Docket No. 19), along with a brief in support thereof (Docket No. 20). Defendants seek

dismissal of the amended complaint on the grounds of lack of personal jurisdiction, improper venue[1] and failure to state a claim upon which relief can be granted. On February 6, 2010, Plaintiff filed the motion currently under consideration, namely a motion to conduct jurisdictional discovery in order to respond to Defendants' personal jurisdiction argument (Docket No. 22). Defendants have filed a brief in opposition to this motion (Docket No. 23). In addition, they have filed a motion for oral argument on Plaintiff's motion (Docket No. 24).

Standard for Granting Jurisdictional Discovery

The Court of Appeals has stated that:

> Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," Mellon Bank (East) PSFS, Nat'l Ass'n v. Farina, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiff's right to conduct jurisdictional discovery should be sustained.

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (other citation omitted). However, "jurisdictional discovery generally relates to corporate defendants and the question of

---

[1]   Counsel for Defendants should be aware that their challenge to venue as "improper" based upon the factors of the general venue statute, 28 U.S.C. § 1391(a), is not an appropriate argument under the law. In a removal action, venue is governed solely by the removal statute, which permits removal to the federal court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Polizzi v. Cowles Magazine, Inc., 345 U.S. 663, 665-66 (1953). Thus, the only basis upon which venue in a removed action may be challenged as improper is if it was not removed to the appropriate district. See Global Satellite Commc'n Corp. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004); Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 534 (6th Cir. 2002); PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72 (2d Cir. 1998). This case was properly removed from the Court of Common Pleas of Allegheny County to the District Court for the Western District of Pennsylvania, a district that embraces Allegheny County. See 28 U.S.C. § 118(c).

whether they are 'doing business' in the state. Where the defendant is an individual, the presumption in favor of discovery is reduced." M.S.L. at Andover, 107 F.3d at1042 (citations omitted).

Defendants contend that Plaintiff has not established a prima facie showing of personal jurisdiction and that he has not made a showing that discovery will be fruitful. They argue that: 1) the November 2004 telephone call cannot constitute a requisite contact because Plaintiff concedes that he initiated it to Defendant Hurley in California; and 2) the February 2005 telephone call cannot support the exercise of personal jurisdiction because it was not instrumental in either the formation of the contract or its breach and because it would be an "occasional contact" which does not constitute a voluntary and purposeful action towards the forum state.

When addressing a motion to dismiss for lack of personal jurisdiction, the court initially must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," although it can reconsider the issue "if it appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142, n.1 (3d Cir. 1992). See also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

Defendants contend that the telephone calls Plaintiff alleges occurred are in dispute. However, the affidavits of Chad Hurley and Steve Chen (Docket No. 20 Exs. A, B) do not deny that the telephone calls occurred. The only place where Defendants deny that the telephone calls took place is in their brief (Docket No. 20 at 5-6). This is insufficient. See Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc., 2009 WL 5184350, at *2 (D. Del. Dec. 23, 2009) ("When

4

raising a Rule 12(b)(2) defense, the defendant must provide an affidavit contradicting the jurisdictional allegations made by the plaintiff.") Thus, the Court must accept Plaintiff's allegation that the telephone calls took place at this stage of the proceedings. Toys "R" Us, 318 F.3d at 457.

Defendants further contend that even if the November 2004 phone call occurred, it was "unilateral activity" on the part of Plaintiff which does not count as a contact for personal jurisdiction purposes. O'Connor v. Shady Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). However, the Court of Appeals has never held that whether a contact is sufficient for the exercise of personal jurisdiction depends on whether the plaintiff or the defendant initiated the phone call. See Carteret, 954 F.2d at 150 ("We ... decline to adopt the defendants' position that personal jurisdiction should turn upon whether Carteret invited Shushan to the Roseland, New Jersey meeting or Shushan himself initiated that meeting since the operative fact is that Shushan attended this meeting in New Jersey.") See also General Elec. Co. v. Deutz AG, 270 F.3d 144, 151 (3d Cir. 2001) ("It is not significant that one or the other party initiated the relationship.")

In this case, accepting Plaintiff's allegations as true, Plaintiff spoke to Defendant Hurley on the telephone (regardless of who initiated the call) and, during this phone call, an oral contract was formed between Hurley and Plaintiff (a Pennsylvania resident) and certain representations were made that Hurley later did not honor. In addition, Plaintiff alleges that Defendants called him in February 2005 to raise further technical questions concerning the formation of the YouTube business and that during this call the parties reiterated the 1% agreement that forms the basis of Plaintiff's claims. These allegations are sufficient to support a prima facie showing of personal jurisdiction. The Pennsylvania long-arm statute permits a plaintiff to show specific

jurisdiction by demonstrating showing that the defendant has engaged in forum-related activities, including "[c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth," 42 Pa. C.S. § 5322(a)(4).  Mail and telephone communications sent by a defendant into the form may count toward the minimum contacts that support jurisdiction.  <u>Grant Entertainment Group, Ltd. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 482 (3d Cir. 1993).

  Defendants argue that conducting jurisdictional discovery would not be fruitful because Plaintiff alleges that he was personally involved in the phone calls and thus there is nothing to discover.  Again, however, they assert (but only in their brief) that they deny the phone calls occurred or that Plaintiff was in any way involved in the creation of the YouTube concept, trade name or business.  As noted above, this is insufficient and the Court must accept Plaintiff's allegations as true.

  Plaintiff's claims are not clearly frivolous: he has presented factual allegations that suggest with "reasonable particularity" the possible existence of the requisite contacts between Defendants and Pennsylvania.  Allowing Plaintiff to conduct jurisdictional discovery with respect to the phone calls will enable the Court to determine whether Plaintiff can demonstrate that Defendants' actions are sufficient for them to be subject to specific personal jurisdiction in this Court.

  To the extent that Plaintiff requests leave to conduct jurisdictional discovery regarding Defendants' contacts with Pennsylvania for purposes of establishing general jurisdiction, this request will be denied.  Under Pennsylvania law, a plaintiff may show general personal jurisdiction over an individual by showing that individual's "[p]resence in this Commonwealth at the time when process is served;" " [d]omicile in this Commonwealth at the time when process is

served;" or "[c]onsent, to the extent authorized by the consent." 42 Pa. C.S. § 5301(a)(1). Defendants have both denied all three of these possibilities in their affidavits, and Plaintiff has not even suggested that jurisdictional discovery will provide reason to conclude otherwise.

Finally, Defendants request that, if jurisdictional discovery is permitted, it be limited to written interrogatories specifically addressing issues relevant to personal jurisdiction or, if the Court is inclined to permit Plaintiff to depose them, that the depositions take place in California where they reside. With respect to these arguments, discovery will be limited as indicated in the accompanying order. Defendants' motion for oral argument on Plaintiff's motion for leave to conduct jurisdictional discovery will be denied.

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT ELWOOD GILLILAND, III,        )<br>              Plaintiff,        )<br>                                                      )<br>vs                                                  )<br>                                                      )<br>CHAD HURLEY and STEVE CHEN,  )<br>              Defendants.        ) | Civil Action No. 09-1621 |

O R D E R

AND NOW, this 4th day of March, 2010,

IT IS ORDERED that Plaintiff's motion for leave to conduct jurisdictional discovery and request for briefing schedule (Docket No. 22) is granted:

Plaintiff may serve Defendants with written interrogatories addressed to the existence and content of the phone calls that form the basis of the complaint and may depose Defendants by telephone as to these issues.  If this proves inadequate, Plaintiff may depose Defendants in California.  Plaintiff has until March 15, 2010 to serve Defendants with the written interrogatories and they must respond by March 31, 2010.  If necessary, any depositions must take place by April 20, 2010.  Any party desiring to file an amended brief in support of or in opposition to the motion to dismiss must do so by April 30, 2010.

IT IS FURTHER ORDERED that Defendants' motion for oral argument on Plaintiff's motion for leave to conduct jurisdictional discovery (Docket No. 24) is denied.

                                                                        s/Robert C. Mitchell
                                                                        ROBERT C. MITCHELL
                                                                        United States Magistrate Judge