IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT ELWOOD GILLILAND, III,<br>Plaintiff,<br><br>v.<br><br>CHAD HURLEY and STEVE CHEN,<br><br>Defendants. | CIVIL ACTION NO. 09-01621<br><br>**DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

Defendants Chad Hurley and Steve Chen, by and through their undersigned counsel, hereby move on an expedited basis for a protective order with respect to the limited jurisdictional depositions presently scheduled in this matter for May 6, 2010. Hurley and Chen seek a stay of those depositions pending resolution of their Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

Counsel for Plaintiff Herbert Gilliland III should have realized that the core factual allegations upon which Gilliland's claims rest are meritless. The entire case is premised on a call Gilliland supposedly made to a company called PayPal in November 2004. Gilliland claims in the midst of that call about "some fraud complaint," he asked to speak to Hurley and was transferred to Hurley's extension. He then claims that he, on that call, formed an oral contract with Hurley, a complete stranger, under which he revealed the idea for YouTube in exchange for a promise of payment. Gilliland's story is a fabrication. It is refuted by publicly-available information showing that *Hurley left PayPal at least eighteen months before Gilliland supposedly called him there.* Moreover, Hurley and Chen have each provided sworn interrogatory responses denying any such call took place.

We alerted Gilliland's attorneys to this central flaw in their client's case and pointed to bizarre claims that Gilliland himself has made about conceiving inventions for "every major company on the west coast." Gilliland's counsel declined to withdraw the Amended Complaint, and pressed forward with depositions directed to the question of personal jurisdiction in this case. Hurley and Chen ask to hold those depositions in abeyance pending resolution of the motion for sanctions that they have served.

In the alternative, if the Court permits the depositions to proceed, Hurley and Chen request entry of a protective order allowing them to designate as "confidential" specific information that may be disclosed and require that such information be preserved in confidence. Gilliland's counsel refused to consent to a standard protective order, insisting instead on advance identification of precisely what information Hurley and Chen will seek to protect. But Defendants have no way of knowing what personal information or other details counsel might seek to elicit at the depositions. As the high profile founders of a very popular company, Hurley and Chen have heightened privacy concerns. A protective order allowing Defendants to designate information while allowing Plaintiff to challenge such designations is appropriate.

## I. BACKGROUND

1. On November 13, 2009, Gilliland filed this action *pro se* in state court. (Docket No. 1-1). He named as Defendants Hurley and Chen, the two well-known founders of YouTube. Gilliland asserted claims against Hurley and Chen in an amount "believed to exceed $48 million," based on the allegation that he, not they "came up with the idea, concept and name for 'YouTube.'" Compl. ¶ 5. Gilliland alleged that he entered an oral agreement with Chen and Hurley during a phone call that he made to Hurley—a stranger—in November of 2004. *Id.* More specifically, he alleged that "[i]n or around mid 2004 he learned of Chad Hurley . . . *who was working for PayPal at the time. Plaintiff called PayPal and was transferred to Hurley's*

2

*phone extension in or about November 2004." Id.* (emphasis added). Later in the pleading, Gilliland contradicted his initial account, alleging the call in November 2004 was to both Hurley and Chen: This oral contract was reached during a specific telephone conversation initiated by Plaintiff in Pittsburgh, Pennsylvania *to Hurley and Chen* while they were employees of PayPal in California in November 2004." *Id.* ¶ 9 (emphasis added). Gilliland also alleged that both Hurley and Chen resigned from PayPal "[i]n or about early 2005" to pursue the idea he claims he shared with them. *Id.*

2.   On January 27, 2010, with the assistance of several different law firms, Plaintiff filed an Amended Complaint. (Docket no. 18). Gilliland provided a third account of his supposed call to PayPal, this time alleging that he called Hurley at PayPal in November 2004, and Hurley said he was speaking for his partner Chen. *Compare* Original Compl. ¶ 5 ("Plaintiff called PayPal and was transferred to Hurley's phone extension in or about November 2004. . . . During this conversation Plaintiff told Defendants . . . ."); Original ¶ 9 ("This oral contract was reached during a specific telephone conversation initiated by Plaintiff . . . to Hurley and Chen while they were employees of PayPal in California in November 2004."), *with* Amended. Compl. ¶ 22 ("During a phone call with PayPal's fraud investigation department in or about November 2004 . . . Mr. Gilliland asked to speak with Mr. Hurley and was transferred to Mr. Hurley's phone extension where he answered and identified himself as Chad Hurley."); *Id.* ¶ 31 (on that call Hurley entered an agreement "on behalf of himself and his partner, Mr. Chen."). In all of the versions alleged, Gilliland's case hinges on a purported November 2004 call to Hurley

3

at his PayPal extension, and Hurley and Chen's supposed departure from PayPal in early 2005. Am. Compl. ¶¶ 22, 38.[1]

3. Multiple readily accessible Internet sources reflect that Hurley left PayPal in late 2002/early 2003, shortly after eBay acquired PayPal. Declaration of David H. Kramer dated April 27, 201 and filed herewith ("Kramer Decl.") ¶ 5 & Exs. C, D.

4. Hurley and Chen responded to the Amended Complaint by challenging personal jurisdiction. In light of Gilliland's allegations of phone calls, this Court allowed him limited jurisdictional discovery: "Plaintiff may serve Defendants with written interrogatories addressed to the existence and content of the phone calls that form the basis of the complaint and may depose Defendants by telephone as to these issues. If this proves inadequate, Plaintiff may depose Defendants in California." (Docket No. 26)

5. In their interrogatory responses, Chen and Hurley each denied the calls at issue:

> Defendant [] has no recollection of ever having any telephone call with Plaintiff Gilliland. Defendant [] further states that he is certain that he never spoke with Plaintiff Gilliland regarding ideas or concepts for the creation of YouTube. Defendant [] is likewise certain he never promised, or even discussed with Plaintiff Gilliland any interest in or partial ownership interest of any venture with which he has been associated, much less any portion of the YouTube business.

Kramer Decl. ¶ 3 & Exs. A (Def. Hurley's Resp. to Interrogs. 5, 6) & B (Def. Chen's Resp. to Interrogs. 1). In light of these responses, in is unclear what else Gilliland could hope to elicit at

---

[1] Although Gilliland consistently states that the call was to Hurley at PayPal in November 2004, Gilliland's story of how he came to be connected with Hurley changes each time it is retold. In an online video recording Gilliland posted of himself, he claims he said to someone in PayPal's anti-fraud department: "Let me talk to somebody there, let me talk to, and they said, here's Chad Hurley." Kramer Decl. ¶ 12 & Ex. E (Video 4). In another video of himself that he posted online, Gilliland claims that he called PayPal and said "can I speak to the guy who made PayPal's logo" and was transferred to Chad Hurley. *Id.* ¶ 11 & Ex. E (Video 3). In the Amended Complaint, Plaintiff alleges that in a call with PayPal's fraud investigation department he asked to speak with Hurley and was transferred to his phone extension. Amend. Compl. ¶ 22.

depositions. Nevertheless, his counsel has insisted they proceed as scheduled and in person on May 6, 2010. *See id.* ¶¶ 18, 19 & Ex. L.

6. Following an investigation of Gilliland's claims, on April 13, 2010, Hurley and Chen's counsel demanded that Gilliland withdraw the Amended Complaint. As explained in a letter dated April 13, 2010, the November 2004 phone call at the heart of Gilliland's case never happened because, as readily confirmed by numerous public sources, Hurley left PayPal some eighteen months before Gilliland claims he was transferred to Hurley's phone extension there. *See id.* ¶ 7 & Ex. F.

7. Hurley and Chen's counsel also pointed out that Gilliland has a history of claiming responsibility for famous inventions, including claims that he named Microsoft Vista, "fixed" PayPal, was "involved" in the sale of PayPal to Ebay, "played a part" in the development of the Hummer vehicle, and "helped with a few features of the Google search." Indeed, in rambling statements, Gilliland proclaimed: "My ideas are part of every major company on the west coast." *See generally id.* ¶¶ 7-16 & Exs. E-G.

8. By letter dated April 20, 2010, Gilliland's responded that they "have complied with the Federal Rules of Civil Procedure, including Rule 11, and respectfully decline your invitation to dismiss the lawsuit." *Id.* & Ex. G.

9. On April 23, 2010, Hurley and Chen served on Gilliland's counsel a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (the "Sanctions Motion") and requested that the jurisdictional depositions be held in abeyance pending resolution

of the Sanctions Motion. *Id.* ¶ 17 & Ex. J. Gilliland's counsel refused unless Hurley and Chen would agree to submit to "deception testing." *Id.* ¶¶ 18, 19 & Exs. K, L.[2]

## II.   ARGUMENT

### A.   The Jurisdictional Depositions Should be Stayed Pending Resolution of Defendants' Motion for Sanctions

10.   The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the trial court. *See Ball v. Oden*, No. 1:cv-09-0847, 2010 WL 598653, at *7 (M.D. Pa. Feb. 17, 2010) (citation omitted); *see also* Fed. R. Civ. P. 26(c) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place for the disclosure or discovery ....").

11.   A stay of discovery is proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *See 19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (*citing Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)). *See also* Practices and Procedures of Magistrate Judge Robert C. Mitchell, III.B.4 ("The Judge believes that discovery should be stayed during the pendency of a good-faith dispositive motion in an attempt to keep litigation as inexpensive as possible.").

12.   Given the fantastic nature of Gilliland's claims in this litigation, the demonstrable falsity of key allegations contained in both the Complaint and Amended Complaint, and Gilliland's history of wild inventorship claims, Hurley and Chen believe the Sanctions Motion

---

[2] Defense counsel certifies that they have in good faith conferred with Gilliland's counsel regarding the requested stay of the jurisdictional depositions but that they have been unable to resolve their dispute. Kramer Decl. ¶¶ 17-18 & Exs. H-J.

will be dispositive. Given that, and having expressly denied under oath the phone calls that Gilliland has alleged, Hurley and Chen should not be forced to incur the additional inconvenience and expense of appearing for depositions. If the action continues, the depositions Gilliland seeks can proceed at that time. For now, however, Hurley and Chen respectfully request a protective order staying the jurisdictional depositions pending disposition of their Sanctions Motion.

**B.     In the Alternative, the Court Should Enter a Suitable Protective Order to Prevent Disclosure of Defendants' Confidential/Private Information**

13.     If the Court permits the depositions to proceed, Defendants request that they do so only pursuant to a suitable protective order to govern information that may be provided at the depositions and in response to interrogatories seeking personal information regarding Hurley and Chen.[3]

14.     On April 15, 2010, Defense counsel provided a proposed Stipulation and Protective Order (the "Proposed Protective Order") in the form attached as Exhibit 1. This form was modeled after the form of protective order pre-approved by the Western District of Pennsylvania for patent cases.

15.     Gilliland's counsel rejected the proposal, insisting confidential treatment apply only to the "Defendants' identifying information," *i.e.*, their telephone numbers and addresses. They contend that this is the only sensitive information that could possibly come up during the narrow questioning Gilliland is allowed.

---

[3]     Defense counsel certifies that they have in good faith conferred with Gilliland's counsel regarding their alternative request for a protective order but that they have been unable to resolve their dispute.

16. Gilliland's counsel's position is unreasonable and contrary to standard practice. Courts in this jurisdiction routinely enter protective orders governing all discovery and leave it to the parties to properly designate.

17. Moreover, while Hurley and Chen agree that the depositions will be extremely limited in accordance with the Court's Order, they nevertheless do not know in advance what information Gilliland will seek to elicit. Indeed, Gilliland was supposed to be similarly circumscribed in his interrogatory requests, but went well beyond the Court's restriction (for example by asking Hurley and Chen to and to "[i]dentify all documents received by you from Herb Gilliland"). Instead of limiting those requests to "to the existence and content of the phone calls that form the basis of the complaint," Gilliland's interrogatories demanded, for example, that Hurley and Chen "[l]ist by address, city and zip code each location where [they] made or accepted YouTube, LLC related phone calls during the time period January 1, 2004 through December 31, 2006" and "identify all documents received by you from Herb Gilliland." *See* Kramer Decl. Exs. A (Def. Hurley's Resp. to Interrogs. 7, 8) & B (Def. Chen's Resp. to Interrogs. 7, 8).

18. Gilliland's counsel has not offered any substantive basis for objecting to the proposed protective order. As well-known and successful entrepreneurs, Hurley and Chen have serious concerns about privacy and security that enhance the need for a protective order to be entered in advance of any depositions. "Privacy interests 'are among the proper subjects' for Protective Orders." *See, e.g., Leer Elec., Inc. v. Pennsylvania, Dept. of Labor & Industry*, No. 1:08-cv-1785, 2009 WL 3350447, at *2 (M.D. Pa. Oct. 15, 2009) (quoting *Pearson v. Miller*, 211 F.3d 57, 72-73 (3d Cir. 2000)). These concerns are particularly acute in this action given Gilliland's propensity for making outlandish claims on the Internet. If Gilliland objects to any

designation of particular material, the proposed protective order affords a ready means of challenging that designation. Accordingly, Hurley and Chen request that the Court enter a protective order in the form attached to this Motion.

## III. CONCLUSION

WHEREFORE, Defendants Chad Hurley and Steve Chen respectfully request that this Honorable Court enter a protective order staying jurisdictional depositions pending the filing and resolution of their Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, or in the alternative, enter a suitable protective order in advance of those depositions to prevent disclosure of any confidential or sensitive information.

Dated: April 27, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   s/David H. Kramer
David H. Kramer* (CA 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
dkramer@wsgr.com

Tonia Ouellette Klausner* (NY 2597110)
WILSON SONSINI GOODRICH & ROSATI P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
tklausner@wsgr.com

Ralph A. Finizio (PA 39560)
Richard M. Weibley (PA 90958)
PEPPER HAMILTON, LLP
500 Grant Street, 50th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5000
Facsimile: (412) 281-0717
finizior@pepperlaw.com
weibleyr@pepperlaw.com

*admitted *pro hac vice*

*Attorneys for Defendants Chad Hurley and Steve Chen*